UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESUS SANCHEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:18-cv-1328-GCS |
| | ) |
| KRISTOFER BESHEARS, | ) |
| CLIFFORD BRADLEY, | ) |
| GEORGE WELBORN, | ) |
| WILLIAM SPILLER, and | ) |
| MEGAN VANPELT, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Jesus Sanchez alleges that Defendants failed to protect him from an attack by his cellmate on October 31, 2016. On July 7, 2020, Defendant Megan Vanpelt filed a motion for summary judgment on the issue of exhaustion of administrative remedies. (Doc. 88). Sanchez responded in opposition on July 16, 2020. After reviewing the parties' briefs, the Court finds that no disputed issues of fact require an evidentiary hearing. *See Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). For the reasons delineated below, Defendant's motion is denied.

### BACKGROUND

In a grievance dated November 27, 2016, Sanchez complained that he was issued a ticket for fighting on October 31, 2016, even though he had been writing kites and telling prison officials that he feared for his life sharing a cell with his cellmate, Inmate Brown. In the grievance, he explained that he "informed Mental Health and another LT (Morris)

about [his] safety concerns and they all told [him] they would speak to the appropriate staff." (Doc. 89-1, p. 2).

Notes on the grievance indicate that Sanchez and Brown were in the cell together from October 26, 2016, through October 31, 2016. (Doc. 89-1, p. 1). Because Sanchez was transferred out of Menard after the altercation with Brown, he sent his grievance directly to the Administrative Review Board ("ARB"). (Doc. 89-1, p. 1-2). The ARB responded to the merits of his grievance on April 18, 2017. (Doc. 89-1, p. 3). The parties agree that the grievance was fully exhausted.

## ANALYSIS

Summary judgment is "proper if the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact such that [Defendants are] entitled to judgment as a matter of law." *Wragg v. Village of Thornton*, 604 F.3d 464, 467 (7th Cir. 2010). Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(a). The Act states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.*

Generally, the Court's role on summary judgment is not to evaluate the weight of the evidence, to judge witness credibility or to determine the truth of the matter. Instead, the Court is to determine whether a genuine issue of triable fact exists. *See Nat'l Athletic Sportwear Inc. v. Westfield Ins. Co.*, 528 F.3d 508, 512 (7th Cir. 2008). In *Pavey*, however, the

Seventh Circuit held that "debatable factual issues relating to the defense of failure to exhaust administrative remedies" are not required to be decided by a jury but are to be determined by the judge. *Pavey v. Conley*, 544 F.3d 739, 740-741 (7th Cir. 2008).

The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. *See, e.g., Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006)(noting that "[t]his circuit has taken a strict compliance approach to exhaustion"). Exhaustion must occur before the suit is filed. *See Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). Plaintiff cannot file suit and then exhaust his administrative remedies while the suit is pending. *Id.* Moreover, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2005). Consequently, if a prisoner fails to use a prison's grievance process properly, "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." *Dole*, 438 F.3d at 809.

As an inmate confined within the Illinois Department of Corrections ("IDOC"), Sanchez was required to follow the regulations contained in the IDOC's Grievance Procedures for Offenders ("grievance procedures") to exhaust his claims properly. *See* 20 ILL. ADMIN. CODE § 504.800, *et seq*. The grievance procedures first require inmates to file their grievance with the counselor within 60 days of the discovery of an incident. *See* 20 ILL. ADMIN. CODE § 504.810(a). The grievance form must:

> contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the

> names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

20 ILL. ADMIN. CODE § 504.810(c). For issues that "pertain to a facility other than the facility where the offender is currently assigned," inmates submit their grievances directly to the ARB. 20 ILL. ADMIN. CODE § 504.870(a).

Vanpelt raises a single issue in her motion. She argues that Sanchez failed to exhaust his remedies because he did not name or provide sufficient information to identify her in his November 2016 grievance. She argues that, as a result, Sanchez did not provide officials an opportunity to address his concerns with her conduct and that he needed to provide more detail beyond stating that he informed "mental health" that he feared for his safety.

Grievances are intended to give prison officials an opportunity to address shortcomings, not to put individual defendants on notice. *See Jones v. Bock*, 549 U.S. 199, 218 (2007). It is clear from the context of Sanchez's grievance that he talked to someone from the mental health staff about his fears in the days leading up to the October 31, 2016 altercation. He was housed with Brown for only five days before the altercation. The information Sanchez provided was sufficient to provide the required notice to prison officials of an issue with a mental health worker who was informed of Sanchez's safety concerns in the days before the altercation. As such, the Court finds that the November 27, 2016 grievance provided sufficient information to satisfy the requirements of the grievance procedures.

## CONCLUSION

For the above-stated reasons, Defendant Vanpelt's motion for summary judgment is **DENIED**.

**IT IS SO ORDERED.**

Dated:  July 23, 2020.

Digitally signed by Magistrate Judge Gilbert C. Sison
Date: 2020.07.23 12:36:37 -05'00'

GILBERT C. SISON
United States Magistrate Judge